**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **Kenneth Ney** | ) |
| **582 N.W. 180th Road** | ) |
| **Hoisington, Kansas 67544** | ) |
| | ) |
| **Plaintiff** | ) |
| **v.** | )   **Case No.** 09-CV-2208 KHV/JPO |
| | ) |
| **Union Pacific Railroad Company,** | ) |
| **A Corporation,** | ) |
| | ) |
| **Defendant.** | ) |

**SERVE:**
**The Corporation Company, Inc.**
**515 South Kansas Avenue**
**Topeka, Kansas 66603**

## COMPLAINT AND JURY DEMAND

### COUNT I
### (FEDERAL EMPLOYER'S LIABILITY ACT)

COMES NOW Plaintiff, Kenneth Ney, by and through his attorneys, Hubbell Peak

O'Neal Napier & Leach, and for his cause of action against the Defendant Union Pacific

Railroad Company (hereinafter "Defendant UP"), states as follows:

     1.      Jurisdiction is proper in that this cause of action is based upon and brought under

the Federal Employer's Liability Act, 45 U.S.C. § 51, et sequitur, and 28 U.S.C. § 1331.

     2.      Plaintiff is a resident of Hoisington, Logan County, Kansas.

     3.      Defendant UP is and was at all times herein mentioned a corporation engaged in

the operation of a system of railways as a common public carrier of freight for hire between the

various states of the United States and engaged in interstate commerce by railroad.

4.    Defendant UP operates trains in the transportation of freight in and between the states of Missouri, Kansas and other states, and is and was at all times herein mentioned engaged in business in Logan County and Wyandotte County, Kansas.

5.    At all times material hereto, Kenneth Ney was employed by Defendant UP as a locomotive engineer.   Part of his duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on May 3, 2006, and for a long time prior thereto, he was employed by and engaged with Defendant UP in interstate commerce.

6.    On or about May 3, 2006, while Plaintiff was employed by and working for Defendant UP, it became and was his duty to take a train made up of two locomotives and approximately 105 loaded coal cars from Sharon Springs, Kansas to Salina, Kansas.   While Plaintiff was in the process of operating this train, the lead locomotive that Plaintiff was occupying separated from the second locomotive and the approximate 105 car consist.   Shortly after this separation between the lead locomotive and the remainder of the train, the remainder of the train ran into the rear of the lead locomotive causing severe slack action.   Plaintiff was violently jerked and jolted in the cab of the lead locomotive and he sustained injuries to his neck and other parts of the back.

7.    Plaintiff's aforesaid injuries were directly caused, in whole or in part, by the negligence of Defendant UP, in the following respects, to-wit:
Defendant UP negligently failed to furnish and provide plaintiff with a reasonably safe place to work, reasonably safe conditions for work, reasonably safe methods of work, and reasonably safe appliances for work in that the Defendant UP, through its officers, agents, servants and/or employees other than Plaintiff, and specifically the Defendant negligently:

      a)   Caused, allowed and/or permitted  defective knuckles to be used on its line;

2

b) Failed to properly inspect, repair and/or maintain the subject knuckles that
   caused plaintiff's injury.

c) Failed to reasonably train, educate and instruct its employees in keeping its
   knuckles, including the knuckles at issue, in a reasonably safe condition.

d) Failed to warn its employees of the unsafe condition that caused Plaintiff's
   injury.

e) Failed to promulgate, follow and enforce reasonable rules, customs, practices,
   and procedures for the foregoing.

8.      Defendant UP knew, or in the exercise of ordinary care should have known, that
in acting and failing to act as described in the preceding paragraph, it was reasonably likely that
employees, including Plaintiff, would be injured.

9.      The defendant's acts and omissions listed above constitute negligence.

10.     As a direct result of the aforesaid negligence of Defendant UP, Plaintiff suffered
severe injuries to his neck and other parts of his back.   Plaintiff's injuries as set forth above were
caused by the incident described herein.

11.     On account of said injuries, Plaintiff has undergone extensive medical care and
treatment, and Plaintiff will be required to seek medical treatment in the future.  These injuries
have caused Plaintiff to obligate himself for the expenses of medical care and treatment and
Plaintiff will in the future be caused to obligate himself for the expenses of medical care and
treatment.   The strength, use and function of Plaintiff's body, and Plaintiff's general health and
strength have been permanently weakened, diminished and impaired.       Plaintiff's power to
work and labor and his earning capacity have been diminished and impaired.   Because of these
injuries, Plaintiff has suffered the loss of fringe benefits and will in the future lose fringe

3

benefits. Furthermore, because of these injuries, Plaintiff has been unable to perform certain usual and normal household services and will in the future be unable to perform such household services. As a result of said injuries, Plaintiff has suffered and will ever suffer severe physical pain, and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant UP in this Complaint in an amount exceeding the minimal jurisdictional limits set by this Court, for costs incurred herein, for pre-judgment and post-judgment interest, and for any and all other relief to which Plaintiff is entitled.

## COUNT II

### (FEDERAL SAFETY APPLIANCE ACT)

COMES NOW, Plaintiff, by and through undersigned counsel and for Count II of his cause of action against Defendant UP, states and alleges as follows:

12. This action is based upon and brought under the Federal Employer's Liability Act 45 U.S.C. §51, et sequitur. For violation of said act and, in specific, for violation of the Federal Safety Appliance Act, 49 U.S.C., Section 20301, et sequitur.

13. Plaintiff re-alleges, adopts and incorporates herein each and every allegation of the statements contained in paragraphs 1 through 11 of Count I of this Complaint, the same as if said allegations and statements were herein set forth in their entirety.

14. The injuries suffered by Plaintiff as aforesaid were directly caused, in whole or in part, by Defendant UP in the following respects, to-wit: Defendant UP, in violation of the Federal Safety Appliance Act, failed to provide efficient knuckles within the meaning of said statute.

4

15.    As a direct result of the aforesaid Federal Safety Appliance Act violation by Defendant UP Plaintiff sustained severe injuries to his neck and other parts of his back. Plaintiff's injuries as set forth above were caused by the incident described herein.  On account of said injuries,  Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future.  These injuries have caused Plaintiff  to obligate himself for the expenses of medical care and treatment and Plaintiff will in the future be caused to obligate himself for the expenses of medical care and treatment.   The strength, use and function of Plaintiff's body, and Plaintiff's general health and strength have been permanently weakened, diminished and impaired.  Plaintiff's power to work and labor and his earning capacity have been diminished and impaired.  Because of these injuries, Plaintiff has suffered the loss of fringe benefits and will in the future lose fringe benefits.  Furthermore, because of these injuries, Plaintiff has been unable to perform certain usual and normal household services and will in the future be unable to perform such household services.   As a result of said injuries, Plaintiff has suffered and will ever suffer severe physical pain and mental anguish.   Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant UP in this Complaint in an amount exceeding the minimal jurisdictional limits set by this Court, for costs incurred herein, for pre-judgment and post-judgment interest, and for any and all other relief to which Plaintiff is entitled.

## COUNT III

## (FEDERAL LOCOMOTIVE INSPECTION ACT)

COMES NOW Plaintiff, by and through undersigned counsel, and for Count III of his

cause of action against Defendant UP, states and alleges as follows:

16.     This action is based upon and brought under the Federal Employer's Liability Act

45 U.S.C. § et. sequitur.  For violation of said act and, in specific, for violation of the Federal

Locomotive Inspection Act, 49 U.S.C., Section 20701, et sequitur.

17.     Plaintiff re-alleges, adopts and incorporates herein each and every allegation of

the statements contained in paragraphs  1 through 16 of this Complaint, the same as if said

allegations and statements were herein set forth in their entirety.

18.     The injuries suffered by Plaintiff as aforesaid were directly caused, in whole or in

part, by Defendant UP in the following respects, to-wit:   Defendant UP, in violation of the

Federal Locomotive Inspection Act, used or allowed to be used on its railroad line a locomotive

or tender that was not in proper condition and safe to operate without unnecessary danger of

personal injury.

19.     As a direct result of the aforesaid Federal Locomotive Inspection Act violation by

Defendant UP, Plaintiff sustained severe injuries to his neck and other parts of his back.

Plaintiff's injuries as set forth above were caused by the incident described herein.  On account

of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will

be required to seek medical treatment in the future.  These injuries have caused Plaintiff to

obligate himself for the expenses of medical care and treatment and Plaintiff will in the future be

caused to obligate himself for the expenses of medical care and treatment.  The strength, use and

function of Plaintiff's body, and Plaintiff's general  health and strength has been permanently

weakened, diminished and impaired.  Plaintiff's power to work and labor and his earning

capacity have been diminished and impaired.   Because of these injuries, Plaintiff has suffered

the loss of fringe benefits, and will in the future lose fringe benefits.    Furthermore, because of

these injuries, Plaintiff has been unable to perform certain usual and normal household services

and will in the future be unable to perform such household services.  As a result of said injuries,

Plaintiff has suffered and will ever suffer severe physical pain and mental anguish.  Because of

said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of

capacity for the enjoyment of life in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant UP in this Complaint

in an amount exceeding the minimal jurisdictional limits set by this Court, for costs incurred

herein, for pre-judgment and post-judgment interest, and for any and all other relief to which

Plaintiff is entitled.

## COUNT IV

### (CUMULATIVE TRAUMA)

COMES NOW Plaintiff, by and through undersigned counsel, and for Count IV of his

cause of action against Defendant UP, for work-related personal injuries,  states and alleges as

follows:

20.      Plaintiff re-alleges, adopts and incorporates herein each and every allegation of

the statements set forth in Counts I – III, paragraphs 1-19,  as fully set forth in this Complaint,

the same as if said allegations and statements were herein set forth in their entirety.

21.      Certain officers, agents, and employees of Defendant UP have exercised decision-

making responsibility over facts and issues relevant to this lawsuit, including:

(a)   responsibility over the work conditions that caused or contributed to cause the plaintiff's injuries;

(b)   authority over the physical and medical requirements of the plaintiff's job;

(c)   the plaintiff's compensation, benefits, and other conditions of employment;

(d)   the plaintiff's right to return to work under medical restriction;

(e)   the labor rules and practices relevant to any claims or defenses in this case; and

(f)   upon information and belief, other matters that may be revealed in discovery.

22.     Plaintiff's railroad career began in 1971, when he hired out with the Missouri Pacific Railroad Company in the operations department.    The Missouri Pacific Railroad Company was acquired at a later date by the Union Pacific Railroad Company.

23.     The plaintiff's job duties were strenuous  and repetitive, and included, but were not limited to, coupling cars, throwing switches, tying handbrakes, pulling pins, climbing ladders and stairs.   In addition,  as a locomotive engineer, plaintiff was involved in riding in locomotives for long periods of time as these locomotives traveled over rough track conditions.  These locomotives were equipped with worn out rigid seats that created a rough ride.   These locomotives were not properly inspected and maintained and this lack of maintenance, coupled with bad track conditions, caused and allowed excessive vertical and lateral sway which created an extremely rough ride and excessive sway in the locomotive.

24.     At all times relevant to this Complaint, Defendant UP had a legal duty to provide plaintiff with safe working conditions, safe equipment, and safe methods of work. See 45 U.S.C. §§ 51 et seq.

25.     In subjecting the plaintiff to the unsafe working conditions described in paragraph 23 of this Complaint, Defendant UP breached its duty to plaintiff in one or more of the following respects:

      a)      failing to inspect its locomotives and tracks in order to prevent injury to plaintiff;

      b)      failing to maintain its locomotives and tracks in order to prevent injury to plaintiff;

      c)      requiring the plaintiff to work in a manner that posed a danger to his physical health;

      d)      failing to promulgate and follow rules and safety procedures that would prevent injury to plaintiff;

      e)      failing to provide sufficient and properly maintained equipment in order to prevent injury while he performed the requirements of his job.

26.     The plaintiff adopts all prior and subsequent paragraphs of this complaint, and further states that Defendant UP knew, or by the exercise of ordinary care, should have known, that breaching one or more of the duties described above could cause or contribute to cause injury to the plaintiff. These breaches of duty constitute negligence and a violation of the Federal Employer's Liability Act ("FELA") and its provisions cited in this complaint.

27.     Over time, the negligence of the Defendant UP as described in paragraph 25 and 26 of this Complaint, caused or contributed to cause severe and disabling injuries to plaintiff's

neck and other parts of his back, specifically causing degenerative disk disease with desiccation of disks in the cervical and other parts of Plaintiff's spine. These injuries have permanently disabled the plaintiff, and as a result he is, in the opinion of his treating physician, physically unable to continue working as a locomotive engineer for the Union Pacific Railroad Company.

28. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future. These injuries have caused Plaintiff to obligate himself for the expenses of medical care and treatment and Plaintiff will in the future be caused to obligate himself for the expenses of medical care and treatment. The strength, use and function of Plaintiff's body, and Plaintiff's general health and strength has been permanently weakened, diminished and impaired. Plaintiff's power to work and labor and his earning capacity have been diminished and impaired. Because of these injuries, Plaintiff has suffered the loss of fringe benefits, and will in the future lose fringe benefits. Furthermore, because of these injuries, Plaintiff has been unable to perform certain usual and normal household services and will in the future be unable to perform such household services. As a result of said injuries, Plaintiff has suffered and will ever suffer severe physical pain and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant UP in this Complaint in an amount exceeding the minimal jurisdictional limits set by this Court, for costs incurred herein, for pre-judgment and post-judgment interest, and for any and all other relief to which Plaintiff is entitled.

10

<u>**Jury Trial Demand and Designation**</u>

Under Fed.R.Civ.P. 38, the plaintiff demands a trial by jury and under Local Rule 40.2,

plaintiff designates Kansas City, Kansas as the location of trial.

Respectfully submitted,

HUBBELL PEAK O'NEAL NAPIER & LEACH


/s/ Gene C. Napier
Gene C. Napier, D. Kan. #77849/MoBar24607
Jarrett A. Johnson, D. Kan. #78021
Union Station – Suite 350
30 W. Pershing Road
Kansas City, Missouri  64108
Telephone (816) 221-5666
Facsimile (816) 221-5259
sattia@hubbellfirm.com
jjohnson@hubbellfirm.com
ATTORNEYS FOR PLAINTIFF